UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 16-129-DLB

RAYMOND LEONARD BALA                                                 PLAINTIFF

vs.                        **MEMORANDUM OPINION & ORDER**

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                            DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and for the reasons set forth herein, will affirm the Commissioner's decision.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits (DIB) on July 22, 2013, alleging disability beginning May 25, 2013. (Tr. 10). Plaintiff's application for DIB was denied on October 22, 2013. *Id.* Plaintiff appealed, and his Request for Reconsideration was denied on January 22, 2014. *Id.* Plaintiff then filed a Request for Hearing by Administrative Law Judge. *Id.* On April 14, 2015, Administrative Law Judge (ALJ) Don C. Paris ruled that Plaintiff was not entitled to DIB. *Id.* The decision became final on May 14, 2016, when the Appeals Council denied review of Plaintiff's claim. (Tr. 3-6). On June 28, 2016, Plaintiff filed suit in this Court. (Doc. # 2). The parties then filed Cross-Motions for Summary Judgment, which are now ripe for review. (Docs. # 13 & 15).

1

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the Court must affirm the Commissioner's decision if it is supported by substantial evidence even if the Court might have decided the case differently, *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999), and even if there is evidence favoring Plaintiff's side, *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996).

To determine disability, the ALJ conducts a five-step analysis. Step One considers whether the claimant can still perform substantial gainful activity; Step Two, whether any of the claimant's impairments, alone or in combination, are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform past relevant work; and Step Five, whether a significant number of other jobs exist in the national economy that the claimant can perform. For the last step, the burden of proof shifts from the claimant to the Commissioner to identify "jobs

in the economy that accommodate [Plaintiff's] residual functional capacity." *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *see also Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B. The ALJ's Determination

At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 25, 2013, the alleged onset date. (Tr. 12). At Step Two, the ALJ determined that Plaintiff has the following severe impairments: history of compression fractures of the thoracic and lumbar spine, and degenerative disc disease of the lumbar spine. *Id.* At Step Three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 14).

At Step Four, the ALJ found that Plaintiff possesses the residual functional capacity (RFC) to perform medium work, as defined in 20 C.F.R. § 404.1567(c), with the following limitations:

> [Plaintiff] can lift and carry 50 pounds occasionally and 25 pounds frequently. He can stand/walk six hours, and walk six hours, out of an eight-hour workday. He can climb ramps, stairs, ladders, ropes, or scaffolds no more often than frequently. He should avoid concentrated exposure to full-body vibration.

(Tr. 14-20). Based upon this RFC and relying on the testimony of a vocational expert (VE), the ALJ concluded that Plaintiff was unable to perform his past relevant work as a maintenance worker/janitor or construction worker. (Tr. 20).

The ALJ proceeded to Step 5 and found that there were a significant number of jobs in the national economy that Plaintiff could perform. (Tr. 20-21). In making this conclusion, the ALJ asked the VE whether jobs existed in the national economy for an individual of claimant's age, education, work experience, and RFC. *Id.* The VE testified

3

that Plaintiff could find work at the medium exertional level as a laundry worker (1,000 jobs in Kentucky, 60,000 nationally), hand packer (15,000 jobs in Kentucky, 1,165,000 nationally), or bagger (2,000 jobs in the state, 160,000 nationally). *Id.* Based on these findings, the ALJ concluded that Plaintiff was capable of adjusting to other work and therefore has not been under a disability, as defined in the Social Security Act, from May 25, 2013 through the date of the decision. (Tr. 21).

## C. Analysis

Plaintiff alleges two errors in the hearing decision and asks this Court to reverse the disability determination and remand for immediate payment of benefits or for a new administrative hearing before a different ALJ. (Doc. # 13-1). Specifically, Plaintiff argues that the ALJ "improperly failed to assign greater weight to the opinion of [his] treating physician, Dr. April Hall," and that "the ALJ's determination that the Plaintiff is not disabled is not supported by substantial evidence." (Doc. # 13-1 at 12-16) (capitalization altered). Each of Plaintiff's arguments are targeted at Step 4 of the ALJ's analysis and can be characterized as follows: (1) the ALJ erred in weighing the medical opinion testimony, and (2) the ALJ's RFC of limited medium work is not supported by the record. These arguments will be addressed in turn.

### 1. The ALJ did not err in weighing the medical opinion testimony.

In social security disability cases, medical evidence may come from treating sources, non-treating sources, and non-examining sources. 20 C.F.R. § 404.1502. A treating source is the claimant's "own physician, psychologist, or other acceptable medical source who provides [claimant], or has provided [claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with

4

[claimant]." *Id.* A non-treating source is an acceptable medical source who has examined the claimant but does not have an ongoing treatment relationship with him or her, while a non-examining source has not examined the claimant but provided medical or other opinion evidence in the case. *Id.* Plaintiff takes issue with the ALJ's alleged failure to accord sufficient weight to the medical opinion testimony provided by Dr. Hall, a treating source.

A treating source's opinion is entitled to controlling weight if it is "'well supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in the case record.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). If a treating source's opinion is not entitled to controlling weight, the ALJ must consider the following factors in order to determine how much weight to give the opinion: (1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; and (5) the specialization of the treating source. *Id.* The ALJ must provide "good reasons" for giving less than controlling weight to a treating source's opinion. 20 C.F.R. § 404.1527(d)(2). Specifically, "a decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5 (1996).

The "treating physician rule" only applies to *medical* opinions. While a medical expert may opine "on issues such as whether [claimant's] impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments," as well as claimant's residual functional capacity or the application of vocational factors, such opinions are not entitled to controlling weight. *See* 20 CFR § 404.1527(d)(2) (stating that "the final responsibility for deciding these issues is reserved to the Commissioner"). "Although the ALJ may not entirely ignore such an opinion, his decision need only explain the consideration given to the treating source's opinion." *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 493 (6th Cir. 2010) (citation and internal quotation marks omitted).

Plaintiff argues that the ALJ erred by failing to give Dr. Hall's opinion, as a treating source, controlling weight. Dr. Hall opined that Plaintiff "can lift [a] maximum of 20 pounds at any given time, and 10 pounds frequently," that he "can stand or walk for a total of two hours and without interruption for thirty minutes," that he "can only sit for [a] total of two hours in an 8 hour day and without interruption for thirty minutes," that he should "never climb, balance, stoop, crouch, kneel, [or] crawl," and that he is "limited in his ability to reach, push, and pull due to limited range of motion, [paresthesia], pain, and spasms." (Doc. # 13-1 at 13-14; Tr. 456-57). Plaintiff argues that Dr. Hall's restrictions are consistent with the medical evidence of record, that Dr. Hall is in the "be[st] position to make this call," that she is "very thorough," and her "records are not cookie cutter." *Id.* at 13-14. As a result, Plaintiff asserts, the Commissioner erred as a matter of law in discounting her opinion. *Id.*

Contrary to Plaintiff's claims, the ALJ did not impermissibly reject Dr. Hall's opinion. The RFC does not incorporate Dr. Hall's limitations because the ALJ determined that her

6

opinion "[wa]s not consistent with the bulk of the objective medical evidence" and therefore accorded it only limited weight. (Tr. 19-20). By contrast, the ALJ gave greater weight to the opinion of non-treating consultative examiner Dr. Hill, who observed the claimant just three months after his accident, and whose opinion was "supported by the objective medical evidence as a whole." (Tr. 19).

Indeed, Dr. Hall's opinion is not consistent with objective evidence in the medical record. In August 2013, three months after the fall that caused his alleged disability, a consultative examination by Dr. Hill revealed that Plaintiff had normal posture and gait, could get up and down off the examination table, had 5/5 strength in his upper and lower extremities, and could perform activities involving sitting, standing, moving about, and handling objects. (Tr. 306-08). Dr. Hill opined that "strenuous physical activity such as lifting, climbing, [and] carrying heavy loads" would be limited due to Plaintiff's range of motion, but did not impose limitations as significant as those suggested by Dr. Hall. *Id.* Plaintiff rated his pain as a two or three on a one-to-ten scale. *Id.* Dr. Muffly, an orthopedic surgeon who saw Plaintiff at his attorney's request, noted in November of 2013 that Plaintiff had good balance on a single leg, could fully squat and rise, and walked without a limp despite constant mild back pain and limited range of motion in his lumbar spine. (Tr. 419-20). He also had normal strength in his arms and legs. *Id.* The state agency reviewing physician, Dr. Back, opined that Plaintiff could occasionally lift 50 pounds and frequently lift 25 pounds, could stand, walk, or sit for 6 hours in an 8 hour workday, and could climb ramps, stairs, ladders, ropes, or scaffolds no more than frequently. (Tr. 78-80). An MRI in April 2014 also revealed no significant canal stenosis at Plaintiff's T12 vertebra and mild degenerative changes at L4-5. (Tr. 427-28).

Dr. Hall's opinion was also not well-supported by her treatment notes. *See* 20 C.F.R. § 404.1527(c)(2) (weight given a medical opinion depends upon whether it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques"). For example, in August and October 2014, Dr. Hall documented a reduced range of motion, back pain, and muscle weakness, but included no objective medical support for the extreme functional limitations she later suggested. (Tr. 446-47, 452; *see also* Tr. 430 (reduced range of motion in spine and hip in July 2014)).[1]

In short, the ALJ specifically stated that Dr. Hall's opinion was not entitled to controlling weight. (Tr. 19-20). Although Dr. Hall was a treating source, the ALJ found that her "opinion is not consistent with the bulk of the objective medical evidence." *Id.* Because the ALJ summarized the objective medical evidence, revealing several inconsistencies between Dr. Hall's opinions and the overall record, and considered the factors required by 20 C.F.R. §§ 404.1527(c), he has satisfied the "treating physician" rule and its "good reasons" requirement. Accordingly, the ALJ engaged in the proper analysis and reached a conclusion that is supported by substantial evidence, and the Court finds no error in his treatment of Dr. Hall's opinion.

### 2. The ALJ's RFC assessment is supported by substantial evidence.

A RFC is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain,

---

1 Plaintiff attempts to bolster Dr. Hall's opinion by arguing that her notes were typed and straightforward and that she ordered testing. (Doc. # 13-1 at 13-14). That is not enough to overturn the ALJ's decision to accord less weight to a medical opinion where, as here, the opinion is inconsistent with other record evidence and is not well-supported by the treatment notes. "Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." Soc. Sec. Rul. 96-8p, 61 Fed. Reg. 34,474, 34,475 (Jul. 2, 1996). Put another way, the RFC is "what an individual can still do despite his or her limitations." *Id.* "In assessing the total limiting effects of [the claimant's] impairment(s) and any related symptoms, [the ALJ] will consider all of the medical and nonmedical evidence" in the record. 20 C.F.R. § 404.1545(e). The ALJ is only required to incorporate those limitations that she finds credible in the RFC assessment. *Irvin v. Social Sec. Admin.*, 573 F. App'x 498, 502 (6th Cir. 2014) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

Plaintiff broadly alleges that the ALJ erred by failing to find him disabled because there is not substantial evidence for the ALJ's RFC determination, and because "the combined effects of [Plaintiff's] physical and mental impairments reflect that he could not perform a wide range of even sedentary work on a regular and sustained basis." (Doc. # 13-1 at 14-15). Plaintiff also argues that the ALJ did not "consider the totality of evidence in the record." *Id.* That argument, a conclusory assertion of disability, fails.

At Step Four of the analysis, the ALJ carefully reviewed the entire record and found that Plaintiff was capable of doing medium work with the limitations specified. (Tr. 14-20). The ALJ went through the objective medical evidence and explained why he gave great weight to the opinions of the consultative examiners, some weight to the opinion of the orthopedic surgeon, and little weight to the opinion of the treating physician Dr. Hall. The ALJ also properly discounted Plaintiff's subjective symptoms to the extent they lacked credibility. Because the ALJ incorporated the limitations that he found credible into the

RFC and properly weighed the medical opinion testimony, there is no error.  Accordingly, substantial evidence supports the ALJ's determination that Plaintiff was not disabled.

## III. CONCLUSION

For the reasons stated herein, **IT IS ORDERED** as follows:

(1) The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 13) is hereby **DENIED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 15) is hereby **GRANTED**; and

(4) A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 11th day of May, 2017.



Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\SocialSecurity\MOOs\London\16-129 Bala MOO.docx